SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

                Plaintiff,

- against -

HOSTWAY CORPORATION,

                Defendant.
------------------------------------------------------------X

Index No. 650492/08
Date Purchased: 12/11/08

**SUMMONS**
Plaintiff designates
New York County

Basis of venue is Contractual
Provision, Plaintiff's Residence
and Place of Business
(CPLR 501, 503(a) and (c))

TO THE ABOVE-NAMED DEFENDANT:

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

      Venue is based upon a contract between the parties as well as plaintiff's principal office located at 270 Park Avenue, New York, New York 10017-2070.

Dated:  New York, New York
           December 10, 2008

                              LEVI LUBARSKY & FEIGENBAUM LLP

                              By: _____
                                  Howard B. Levi
                                  Andrea Likwornik Weiss
                            1185 Avenue of the Americas
                            New York, New York 10036
                            (212) 308-6100

                            *Attorneys for Plaintiff*
                            *JPMorgan Chase Bank, N.A.*

DEFENDANT'S ADDRESS:

HOSTWAY CORPORATION
425 W. Randolf Street, 8th Floor
Chicago, IL 60606

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

                Plaintiff,

- against -

HOSTWAY CORPORATION,

                Defendant.
-----------------------------------------------------------------X

Index No. 650492/08

## COURT NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
### (SUPREME COURT AND COURT OF CLAIMS CASES)

PLEASE TAKE NOTICE that plaintiff in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, described below. Filing and service of papers by electronic means cannot be made by a party nor electronic service be made upon a party unless that party has consented to use of the system. Within ten days after service of this Notice, each party served must indicate whether or not it consents to electronic filing and service through NYSCEF for this case.

**General Information**

In New York State, actions may be commenced and cases processed by means of the NYSCEF system in (1) tort, commercial, and tax certiorari cases in the Supreme Court in New York City and in Albany, Erie, Essex, Livingston, Monroe, Nassau, Niagara, Onondaga, Suffolk, Sullivan and Westchester Counties; (2) any kind of case in Broome County Supreme Court; and (3) claims against the State of New York in the Court of Claims. Electronic filing is also authorized for Surrogate's Court cases in Chautauqua, Erie, Monroe, Queens and Suffolk Counties and in no fault cases in New York City Civil Court.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served in a simple, convenient and expeditious manner. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website (www.nycourts.gov/efile), which can be done at any time of the day or night on any day of the week. Documents in Supreme Court and Court of Claims cases are deemed filed when received by the NYSCEF server (with payment if required). Service between and among consenting users is effectuated by posting documents with the Website, which immediately sends automatic e-mail notice to all such parties. There is no fee to use the NYSCEF system, either for filing or service, nor is there a charge to print documents from the electronic docket. Normal filing fees must be paid, but this can be done by credit or debit card on-line. The use of NYSCEF is governed by Section 202.5-b (Supreme Court) and Sections 206.5 and 206.5-aa (Court of Claims) of the Uniform Rules for the Trial Courts.

**Instructions**

1. Service of this Notice constitutes a statement of intent by the undersigned that the NYSCEF system be used in this case. When an action or proceeding is being commenced by means of the NYSCEF system, this Notice must accompany service of the initiating papers.

2. **Within ten days after service of this Notice**, the party served shall file with the court and serve on all parties a Consent to E-Filing, or, if the party does not wish to consent, a declination of consent. Consent to electronic filing does not constitute an appearance in the action. If the party served is represented by an attorney who has already registered as a NYSCEF Filing User, that attorney may consent electronically on the NYSCEF site. Consent to NYSCEF is required of all current parties to the case in order for it to proceed as a NYSCEF matter, or, if

fewer than all parties consent, where permitted by the court, NYSCEF may be used by and between or among consenting parties only.

3. Once parties agree that the case will be subject to NYSCEF, each participating attorney, unless already registered, must **PROMPTLY** complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order to obtain the confidential Filing User Identification Number and Password necessary to use the system.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: New York, New York
December 11, 2008

LEVI LUBARSKY & FEIGENBAUM LLP

By *Howard B. Levi /HBL*
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100

Attorneys for Plaintiff JPMorgan Chase Bank, N.A.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

              Plaintiff,

- against -

HOSTWAY CORPORATION,

              Defendant.
-----------------------------------------------------------------X

Index No. 650492/08

**COMPLAINT**

Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan"), by its attorneys Levi Lubarsky & Feigenbaum LLP, for its complaint against defendant Hostway Corporation ("Hostway"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for money damages for breach of contract.

2. JPMorgan and Hostway are parties to an ISDA Master Agreement pursuant to which JPMorgan and Hostway entered into an interest rate swap transaction (the "Swap Transaction").

3. Pursuant to that Agreement, Hostway was required to timely deliver certain financial information, including, among other things, certain financial statements for each fiscal year accompanied by a certified public accountants' report which was unqualified as to Hostway's status as a going concern.

4. Hostway breached the ISDA Master Agreement by, among other things, failing to timely supply such financial statements and report. Hostway's failure to timely supply the required financial reporting information (among other defaults) resulted in a default under the

ISDA Master Agreement, as a result of which JPMorgan had the right to and did designate an early termination date of the Swap Transaction.

5. As a result of the early termination, Hostway became obligated to pay JPMorgan the sum of $2,349,000.00 pursuant to the terms of the ISDA Master Agreement.

6. Hostway has failed and refused to pay the amount due and owing under the Master Agreement. JPMorgan brings this action to recover such amount, plus interest and the fees and expenses it has incurred and will incur with respect to enforcement of its rights.

## JURISDICTION AND VENUE

7. Venue is proper in this county pursuant to CPLR 501 and 503(a) and (c). Hostway has expressly agreed by contract to venue in this County. Furthermore, JPMorgan is a resident of this county.

8. Hostway has expressly consented by contract to the jurisdiction of this Court.

## PARTIES

9. JPMorgan is a national banking association organized and existing under the laws of the United States of America, with offices in New York County.

10. Defendant Hostway is an Illinois corporation with offices in Chicago, Illinois.

## FACTUAL ALLEGATIONS

A. <u>The Relevant Agreements</u>

11. Hostway and JPMorgan are parties to an ISDA Master Agreement dated as of June 1, 2007 (the "Master Agreement"). The Master Agreement is a form of agreement commonly used, and used in this case, to provide the overall framework and terms for any

2

derivative contract entered into by the parties. The Master Agreement is comprised of the form agreement executed by the parties and a Schedule thereto. The specific Swap Transaction is documented by a Confirmation that is expressly made subject to and a part of the Master Agreement. For ease of reference, the Master Agreement, the Schedule, and the Confirmation are annexed as separate Exhibits A, B, and C, respectively.

12. Hostway entered into the Master Agreement in order to comply with the terms of a Credit and Guaranty Agreement dated as of April 3, 2007 between Hostway (and certain of its subsidiaries as guarantors) on the one hand, and certain lenders on the other hand (the "Loan Agreement"). Under the terms of the Loan Agreement, Hostway was required to enter into an interest rate swap agreement with one or more financial institutions as a hedge against fluctuating interest rates under the Loan Agreement.

13. Pursuant to the Master Agreement, Hostway was required to deliver to JPMorgan, among other things, documents specified in the Schedule. *See* Exhibit A, ¶ 4(a)(ii). The Schedule provides that Hostway is required to deliver to JPMorgan "[c]opies of the financial statements and reports outlined in Section 5.1 (a), (b) and (c) of the Loan Agreement" in accordance "with the applicable delivery dates set forth in Section 5.1(a), (b) and (c) of the Loan Agreement." *See* Exhibit B, Part 3 (b). Pursuant to Section 5.1(c) of the Loan Agreement, Hostway was required to provide certain consolidated financial statements, and with respect to such financial statements, a report of Ernst & Young or other independent certified public accountants, which was unqualified as to going concern and scope of audit, by no later than 150 days after the end of each fiscal year, commencing with the fiscal year ending December 31, 2007.

14. The Schedule also provides that all of Hostway's obligations to the lenders under the Loan Agreement are incorporated by reference into the Schedule, and are construed to apply for the benefit of JPMorgan. *See* Exhibit B, Part 5 (5). These obligations included (among others) notifying JPMorgan of any event that constituted a Default or Event of Default, and providing information reasonably requested, pursuant to §§ 5.1(g) and 5.14 of the Loan Agreement.

15. The Master Agreement also contains a "cross-default" provision, which provides that the occurrence of a default, event of default or other similar condition or event under the Loan Agreement, which results in the indebtedness thereunder becoming, or becoming capable at such time of being declared, due and payable under the Loan Agreement before it would otherwise have become due and payable, constitutes an Event of Default under the Master Agreement. Exhibit A, § 5(a)(vi)(1). The Schedule also provides that an Event of Default under the Loan Agreement constitutes an Additional Termination Event under the Master Agreement. *See* Exhibit B, Part 1(7).

B.  **Default, Termination and Demand for Payment**

16. Hostway failed to provide the required financial statements and report as outlined in § 5.1(c) of the Loan Agreement for the fiscal year ending December 31, 2007 by 150 days after the end of that fiscal year, as it was required to do pursuant to Section 4(a)(ii) of the Master Agreement and Part 3(b) of the Schedule.

17. On July 15, 2008, JPMorgan sent Hostway a letter by overnight mail notifying Hostway that it had failed to timely deliver the financial statements and report, and that "[p]ursuant to Section 5(a)(ii)(1) of the ISDA Agreement, Hostway must remedy such failure within 30 days of receipt of the notice or an Event of Default shall have occurred under the ISDA

4

[Master] Agreement" (the "July 15 Notice"). A copy of the July 15 Notice is annexed hereto and incorporated herein by reference as Exhibit D.

18. In the July 15 Notice, JPMorgan also advised Hostway of the cross-default provisions in the Master Agreement and Schedule, and demanded that Hostway provide JPMorgan with a Certificate of Compliance, which would state that Hostway was in compliance with the terms of the Loan Agreement. The July 15 Notice further demanded that Hostway notify JPMorgan regarding whether a default, event of default or other similar condition or event had occurred under the Loan Agreement which resulted in the indebtedness thereunder becoming, or becoming capable at such time of being declared, due and payable under the Loan Agreement before it would otherwise have been due and payable. *See* Exhibit D.

19. By email dated August 5, 2008, Hostway acknowledged that it had received the July 15 Notice, but stated that the date of receipt was July 23.

20. Hostway did not deliver the required financial statements and report outlined in § 5.1(c) of the Loan Agreement within 30 days of its actual receipt of the July 15 Notice. Nor did Hostway provide a Certificate of Compliance or notify JPMorgan whether there had been a default, Event of Default, or other similar condition or event under the Loan Agreement which resulted in the indebtedness thereunder becoming, or becoming capable at such time of being declared, due and payable under the Loan Agreement before it would otherwise have been due and payable.

21. On August 26, 2008, JPMorgan hand-delivered a letter to Hostway notifying Hostway that an Event of Default had occurred pursuant to Section 5(a)(ii) of the Master Agreement and was continuing; that JPMorgan had a right to designate an Early Termination Date in respect of the Master Agreement and all outstanding transactions; and that

5

JPMorgan designated August 26, 2008 as the Early Termination Date (the "August 26 Notice"). A copy of the August 26 Notice is annexed hereto and incorporated herein by reference as Exhibit E.

22. In the August 26 Notice, JPMorgan further advised Hostway that JPMorgan would provide Hostway as soon as practicable with its calculation of the amount owing under the Master Agreement as the Early Termination Amount by virtue of the Event of Default on the part of Hostway and the resulting early termination of the Master Agreement. *See* Exhibit E.

23. On August 27, 2008, JPMorgan sent Hostway a letter by facsimile and by Federal Express setting forth JPMorgan's calculation of the Early Termination Amount payable under the Master Agreement in the amount of $2,349,000.00 and demanding payment. A copy of the August 27, 2008 letter is annexed hereto and incorporated herein by reference as Exhibit F.

24. Hostway has refused to pay and has not paid any of the amount that is due and owing to JPMorgan.

25. Instead, on August 28, 2008, two days after JPMorgan had exercised its right to Early Termination, Hostway sent JPMorgan consolidated financial statements for the years ended December 31, 2007 and 2006, along with a report of Ernst & Young LLP as independent auditors. These documents were untimely under the Master Agreement and Schedule, as well as insufficient, because Ernst & Young's report was not unqualified as to going concern.

26. Also on August 28, 2008, Hostway sent JPMorgan a purported "Third Amendment and Waiver to Credit and Guaranty Agreement [i.e., the Loan Agreement]" (the

"Third Amendment"), purporting to waive Hostway's multiple defaults under the Loan Agreement, including a limited waiver of Hostway's failure to timely provide required financial statements pursuant to Section 5.1(c) of the Loan Agreement and failure to obtain an audit report that is unqualified as to going concern for the fiscal year ended 2007, along with other defaults about which JPMorgan had not previously been informed and which constituted an independent basis for Early Termination. Although the Third Amendment, which was not delivered to JPMorgan until two days after JPMorgan exercised its right of Early Termination, purported to be dated "as of August 26, 2008," the Third Amendment provided that August 26, 2008 would not become the effective date of the Amendment absent the satisfaction of numerous conditions precedent that, on information and belief, were not and could not have been satisfied as of August 26, 2008. Accordingly, the Third Amendment had no effect on JPMorgan's right to designate an Early Termination on August 26, 2008 based on Hostway's existing defaults.

27. JPMorgan has duly performed any and all conditions on its part to be performed under the pertinent agreements.

## FIRST CAUSE OF ACTION

28. JPMorgan repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. Hostway has breached the Master Agreement.

30. As a direct and proximate result of Hostway's material breach of contract, JPMorgan has suffered damages in the amount of $2,349,000.00, together with pre-and post-judgment interest.

## SECOND CAUSE OF ACTION

31. JPMorgan repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32. Under the terms of the Master Agreement, JPMorgan is entitled to all reasonable out-of-pocket expenses, including legal fees, incurred by JPMorgan in the prosecution of this lawsuit and otherwise in connection with enforcing and protecting its rights under the Master Agreement. *See* Exhibit A, § 11.

33. As a direct and proximate result of Hostway's material breach of contract, JPMorgan has suffered damages in the form of reasonable out-of-pocket expenses, including legal fees, in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, JPMorgan Chase Bank, N.A. prays that the Court enter judgment in its favor and against defendant Hostway Corporation, as follows:

(a) On the First Cause of Action, an award of money damages against Hostway Corporation in the amount of $2,349,000.00, together with pre-and post-judgment interest;

(b) On the Second Cause of Action, an award of money damages in the amount of all reasonable out-of-pocket expenses, including legal fees, incurred by JPMorgan Chase Bank, N.A. in the prosecution of this lawsuit and otherwise in connection with enforcing and protecting its rights under the Master Agreement;

(c) The costs and disbursement of this action, including reasonable attorneys' fees;

(d) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 10, 2008

        LEVI LUBARSKY & FEIGENBAUM LLP

        By: _____
            Howard B. Levi
            Andrea Likwornik Weiss

        1185 Avenue of the Americas, 17th Floor
        New York, New York 10036
        Telephone: (212) 308-6100
        Facsimile: (212) 308-8830

        *Attorneys for Plaintiff*