UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

　　　　　　　　　　　Plaintiff,

　　　　- against -

HOSTWAY CORPORATION,

　　　　　　　　　　　Defendant.
------------------------------------------------------------------X

09 Civ. 335 (WHP)(AJP)
ECF Case

**FIRST AMENDED COMPLAINT**

[Stamp: RECEIVED CASHIERS U.S.D.C. S.D.N.Y. JUN 01 2009]

　　　　Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan"), by its attorneys Levi Lubarsky & Feigenbaum LLP, for its amended complaint against defendant Hostway Corporation ("Hostway"), alleges as follows:

### NATURE OF THE ACTION

　　　　1.　　This is an action for money damages for breach of contract.

　　　　2.　　JPMorgan and Hostway are parties to an ISDA Master Agreement pursuant to which JPMorgan and Hostway entered into an interest rate swap transaction (the "Swap Transaction").

　　　　3.　　Pursuant to that Agreement, Hostway was required to timely deliver certain financial information, including, among other things, certain financial statements for each fiscal year accompanied by a certified public accountants' report which was unqualified as to Hostway's status as a going concern.

　　　　4.　　Hostway breached the ISDA Master Agreement by, among other things, failing to timely supply such financial statements and report. Hostway's failure to timely supply the required financial reporting information (among other defaults) resulted in a default under the

ISDA Master Agreement, as a result of which JPMorgan had the right to and did designate an early termination date of the Swap Transaction.

5. As a result of the early termination, Hostway became obligated to pay JPMorgan the sum of $2,349,000.00 pursuant to the terms of the ISDA Master Agreement.

6. Hostway has failed and refused to pay the amount due and owing under the Master Agreement. JPMorgan brings this action to recover such amount, plus interest and the fees and expenses it has incurred and will incur with respect to enforcement of its rights.

## JURISDICTION AND VENUE

7. Venue is proper in this county pursuant to CPLR 501 and 503(a) and (c). Hostway has expressly agreed by contract to venue in this County. Furthermore, JPMorgan is a resident of this county.

8. Hostway has expressly consented by contract to the jurisdiction of this Court.

## PARTIES

9. JPMorgan is a national banking association organized and existing under the laws of the United States of America, with offices in New York County.

10. Defendant Hostway is an Illinois corporation with offices in Chicago, Illinois.

## FACTUAL ALLEGATIONS

A. **The Relevant Agreements**

11. Hostway and JPMorgan are parties to an ISDA Master Agreement dated as of June 1, 2007 (the "Master Agreement"). The Master Agreement is a form of agreement commonly used, and used in this case, to provide the overall framework and terms for any

2

derivative contract entered into by the parties. The Master Agreement is comprised of the form agreement executed by the parties and a Schedule thereto. The specific Swap Transaction is documented by a Confirmation that is expressly made subject to and a part of the Master Agreement. For ease of reference, the Master Agreement, the Schedule, and the Confirmation are annexed as separate Exhibits A, B, and C, respectively.

12. Hostway entered into the Master Agreement in order to comply with the terms of a Credit and Guaranty Agreement dated as of April 3, 2007 between Hostway (and certain of its subsidiaries as guarantors) on the one hand, and certain lenders on the other hand (the "Loan Agreement"). Under the terms of the Loan Agreement, Hostway was required to enter into an interest rate swap agreement with one or more financial institutions as a hedge against fluctuating interest rates under the Loan Agreement.

13. Pursuant to the Master Agreement, Hostway was required to deliver to JPMorgan, among other things, documents specified in the Schedule. *See* Exhibit A, ¶ 4(a)(ii). The Schedule provides that Hostway is required to deliver to JPMorgan "[c]opies of the financial statements and reports outlined in Section 5.1 (a), (b) and (c) of the Loan Agreement" in accordance "with the applicable delivery dates set forth in Section 5.1(a), (b) and (c) of the Loan Agreement." *See* Exhibit B, Part 3 (b). Pursuant to Section 5.1(c) of the Loan Agreement, Hostway was required to provide certain consolidated financial statements, and with respect to such financial statements, a report of Ernst & Young or other independent certified public accountants, which was unqualified as to going concern and scope of audit, by no later than 150 days after the end of each fiscal year, commencing with the fiscal year ending December 31, 2007.

14. The Schedule also provides that all of Hostway's obligations to the lenders under the Loan Agreement are incorporated by reference into the Schedule, and are construed to apply for the benefit of JPMorgan. *See* Exhibit B, Part 5 (5). These obligations included (among others) notifying JPMorgan of any event that constituted a Default or Event of Default, and providing information reasonably requested, pursuant to §§ 5.1(g) and 5.14 of the Loan Agreement.

15. The Master Agreement also contains a "cross-default" provision, which provides that the occurrence of a default, event of default or other similar condition or event under the Loan Agreement, which results in the indebtedness thereunder becoming, or becoming capable at such time of being declared, due and payable under the Loan Agreement before it would otherwise have become due and payable, constitutes an Event of Default under the Master Agreement. Exhibit A, § 5(a)(vi)(1). The Schedule also provides that an Event of Default under the Loan Agreement constitutes an Additional Termination Event under the Master Agreement. *See* Exhibit B, Part 1(7).

### B. Default, Termination and Demand for Payment

16. Hostway failed to provide the required financial statements and report as outlined in § 5.1(c) of the Loan Agreement for the fiscal year ending December 31, 2007 by 150 days after the end of that fiscal year, as it was required to do pursuant to Section 4(a)(ii) of the Master Agreement and Part 3(b) of the Schedule.

17. On July 15, 2008, JPMorgan sent Hostway a letter by overnight mail notifying Hostway that it had failed to timely deliver the financial statements and report, and that "[p]ursuant to Section 5(a)(ii)(1) of the ISDA Agreement, Hostway must remedy such failure within 30 days of receipt of the notice or an Event of Default shall have occurred under the ISDA

4

[Master] Agreement" (the "July 15 Notice"). A copy of the July 15 Notice is annexed hereto and incorporated herein by reference as Exhibit D.

18. In the July 15 Notice, JPMorgan also advised Hostway of the cross-default provisions in the Master Agreement and Schedule, and demanded that Hostway provide JPMorgan with a Certificate of Compliance, which would state that Hostway was in compliance with the terms of the Loan Agreement. The July 15 Notice further demanded that Hostway notify JPMorgan regarding whether a default, event of default or other similar condition or event had occurred under the Loan Agreement which resulted in the indebtedness thereunder becoming, or becoming capable at such time of being declared, due and payable under the Loan Agreement before it would otherwise have been due and payable. *See* Exhibit D.

19. By email dated August 5, 2008, Hostway acknowledged that it had received the July 15 Notice, but stated that the date of receipt was July 23.

20. Hostway did not deliver the required financial statements and report outlined in § 5.1(c) of the Loan Agreement within 30 days of its actual receipt of the July 15 Notice. Nor did Hostway provide a Certificate of Compliance or notify JPMorgan whether there had been a default, Event of Default, or other similar condition or event under the Loan Agreement which resulted in the indebtedness thereunder becoming, or becoming capable at such time of being declared, due and payable under the Loan Agreement before it would otherwise have been due and payable.

21. On August 26, 2008, JPMorgan hand-delivered a letter to Hostway notifying Hostway that an Event of Default had occurred pursuant to Section 5(a)(ii) of the Master Agreement and was continuing; that JPMorgan had a right to designate an Early Termination Date in respect of the Master Agreement and all outstanding transactions; and that

5

JPMorgan designated August 26, 2008 as the Early Termination Date (the "August 26 Notice"). A copy of the August 26 Notice is annexed hereto and incorporated herein by reference as Exhibit E.

22. In the August 26 Notice, JPMorgan further advised Hostway that JPMorgan would provide Hostway as soon as practicable with its calculation of the amount owing under the Master Agreement as the Early Termination Amount by virtue of the Event of Default on the part of Hostway and the resulting early termination of the Master Agreement. *See* Exhibit E.

23. On August 27, 2008, JPMorgan sent Hostway a letter by facsimile and by Federal Express setting forth JPMorgan's calculation of the Early Termination Amount payable under the Master Agreement in the amount of $2,349,000.00 and demanding payment. A copy of the August 27, 2008 letter is annexed hereto and incorporated herein by reference as Exhibit F.

24. Hostway has refused to pay and has not paid any of the amount that is due and owing to JPMorgan.

25. Instead, on August 28, 2008, two days after JPMorgan had exercised its right to Early Termination, Hostway sent JPMorgan consolidated financial statements for the years ended December 31, 2007 and 2006, along with a report of Ernst & Young LLP as independent auditors. These documents were untimely under the Master Agreement and Schedule, as well as insufficient, because Ernst & Young's report was not unqualified as to going concern.

26. Also on August 28, 2008, Hostway sent JPMorgan a purported "Third Amendment and Waiver to Credit and Guaranty Agreement [i.e., the Loan Agreement]" (the

"Third Amendment"), purporting to waive certain of Hostway's multiple defaults under the Loan Agreement, including a limited waiver of Hostway's failure to timely provide required financial statements pursuant to Section 5.1(c) of the Loan Agreement and failure to obtain an audit report that is unqualified as to going concern for the fiscal year ended 2007, along with other defaults about which JPMorgan had not previously been informed and which constituted an independent basis for Early Termination. The Third Amendment had no effect on JPMorgan's entitlement to payment of the Early Termination Amount under the Master Agreement.

27. JPMorgan has duly performed any and all conditions on its part to be performed under the pertinent agreements.

## FIRST CAUSE OF ACTION

28. JPMorgan repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. Hostway has breached the Master Agreement.

30. As a direct and proximate result of Hostway's material breach of contract, JPMorgan has suffered damages in the amount of $2,349,000.00, together with pre-and post-judgment interest.

## SECOND CAUSE OF ACTION

31. JPMorgan repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32. Under the terms of the Master Agreement, JPMorgan is entitled to all reasonable out-of-pocket expenses, including legal fees, incurred by JPMorgan in the prosecution of this lawsuit and otherwise in connection with enforcing and protecting its rights under the Master Agreement. *See* Exhibit A, § 11.

33. As a direct and proximate result of Hostway's material breach of contract, JPMorgan has suffered damages in the form of reasonable out-of-pocket expenses, including legal fees, in an amount to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, JPMorgan Chase Bank, N.A. prays that the Court enter judgment in its favor and against defendant Hostway Corporation, as follows:

(a) On the First Cause of Action, an award of money damages against Hostway Corporation in the amount of $2,349,000.00, together with pre-and post-judgment interest;

(b) On the Second Cause of Action, an award of money damages in the amount of all reasonable out-of-pocket expenses, including legal fees, incurred by JPMorgan Chase Bank, N.A. in the prosecution of this lawsuit and otherwise in connection with enforcing and protecting its rights under the Master Agreement;

(c) The costs and disbursement of this action, including reasonable attorneys' fees;

(d) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 1, 2009

                LEVI LUBARSKY & FEIGENBAUM LLP

                By: _____
                    Howard B. Levi
                    Andrea Likwornik Weiss

                1185 Avenue of the Americas, 17th Floor
                New York, New York 10036
                Telephone: (212) 308-6100
                Facsimile: (212) 308-8830

                *Attorneys for Plaintiff*