Andrea Likwornik Weiss (AW- 9631)
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Telephone: (212) 308-6100
Facsimile: (212) 308-8830
aweiss@llf-law.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

       Plaintiff,

 - against -

HOSTWAY CORPORATION,

       Defendant.
-----------------------------------------------------------X

Civil No. 09-CV-0335(WHP)
(AJP)
ECF Case

[PROPOSED] STIPULATED
PROTECTIVE ORDER

  THE PARTIES having agreed that certain information produced in this action shall be treated as confidential and be protected from unnecessary disclosure, and the Court having considered the application of counsel and for good cause appearing;

  IT IS ON THIS 7 DAY OF October, 2009, ORDERED that:

  1. Any person or corporation (hereinafter collectively referred to as a "person"), whether a party to this litigation or not, may in good faith designate any document, information or material disclosed in the course of this litigation containing or constituting a trade secret or, other confidential research, development, commercial, proprietary, or sensitive information as "Confidential Material" in the manner hereinafter set forth in Paragraphs 2 through 9. The term "Confidential Material" shall include the material so designated and any information appearing therein.

2. All or any part of a document or tangible item disclosed by any party or person in this litigation may in accordance with Paragraph 1 hereof be designated as Confidential Material by the disclosing party or person by marking the words "Confidential - Subject To Projective Order in JPMorgan Chase Bank, N.A. v. Hostway Corporation" or "Confidential" or Confidential Material" on the face of the writing and on each page or portion thereof so designated.

3. Any person giving deposition testimony in this litigation or counsel for any party may, in accordance with Paragraph 1 hereof, in good faith designate his or her testimony or any portion thereof, or deposition exhibits or any portion thereof, as Confidential Material by advising the court reporter and all parties of such fact during the deposition. Upon being so advised, the court reporter shall mark the designated portion of the deposition transcript as "Confidential." At the specific request of the designating party, the court reporter shall segregate the designated portion of the deposition transcript as agreed to by counsel attending the deposition. If no agreement can be reached at the deposition, the transcript shall not be segregated at that time. Notwithstanding the foregoing, within twenty (20) days of receipt of a deposition transcript, the deponent or counsel for any party may designated additional portions of said transcript as containing Confidential Material by notifying in writing all counsel of record and the court reporter of such designation.

4. All or any part of responses to interrogatories, requests for admissions, requests for production of documents, or non-party subpoenas may, in accordance with Paragraph 1 hereof, be designated as Confidential Material by the responding party by marking the words "Confidential - Subject to Protective Order in JPMorgan Chase Bank, N.A. v.

Hostway Corporation" or "Confidential" or "Confidential Material" on the applicable papers or on the face of the response indicating each page or portion of the response so designated.

5. Except upon the prior written consent of the person asserting Confidential Material treatment, or upon further order of this Court, all of any portion of a document, deposition testimony, discovery response or response to nonparty subpoena that is designated as Confidential Material in accordance with the provisions of this Protective order shall be used solely in connection with this litigation and disclosed solely in accordance with the provisions of this Protective Order.

6. Other than Court personnel and court reporters, or as provided in Paragraphs 8 through 11 hereof, access to Confidential Material shall be limited to:

   a.) Parties to the case, including each party's present or former officers and employees who are assisting counsel in the prosecution or defense of this litigation;

   b.) Counsel of record for the respective parties and employees of said counsel;

   c.) Experts and consultants and employee and/or assistants of such experts and consultants consulted by counsel or a party for purposes of computerizing and/or analyzing data and/or documents, conducting studies or investigations or providing opinions to assist, in any way, in this litigation;

   d.) Any accountant or auditor to whom any party or its counsel may be required to respond or report in the ordinary course of its business regarding the subject matter of this litigation;

   e.) Any deposition witness subject to the provisions of Paragraph 8 hereof; and

   f.) Any other person upon whom counsel agree.

7. Counsel shall inform each person to whom they disclose Confidential Material of the terms of this Protective Order as well as the obligation to comply with its provisions, or counsel shall provide each such person a copy of this Protective Order. Each expert or consultant who is given access to Confidential Material shall be required to read this Protective Order and shall acknowledge the obligation to comply with its terms by signing an Acknowledgement in the form attached to this Protective Order as Exhibit A.

8. Confidential Material may be disclosed in a deposition in this action, but the party disclosing it shall so advise the reporter. Any portion of a deposition which contains Confidential Material either in testimony or exhibits, if filed, shall be filed with the Clerk of the Court under seal, if possible, bearing substantially the following designation: "This portion of the deposition of _____, taken on _____, is subject to the Protective order of this Court. This portion of said deposition shall remain sealed until further order of the Court." Attendance at a deposition at which Confidential Material is identified, discussed or disclosed shall be limited to the court reporter, the witness, counsel for the witness, counsel for the parties, and any representatives of the parties permitted to be given access to Confidential Material as provided by Paragraphs 6 and 7 above. Every non-party witness who is to be deposed and shown Confidential Material during the course of the deposition or in preparation for such deposition shall be given a copy of this Protective Order or informed of its terms and requested to agree and acknowledge that he or she is bound by the terms of this Protective Order. If said non-party witness refuses to so agree and acknowledge that he or she is bound by the terms of this Protective Order, all parties shall be notified and the deposition may be adjourned by the party noticing the deposition, or by any other party with the agreement of the noticing party, until such times as an appropriate court may address the issue. Absent such agreement, such party

may apply to the court for resolution of the issue. This provision shall not apply to the use of Confidential Material with witnesses who are the authors of such material, if such witnesses refuse to agree to be bound by this order.

9. A person serving or filing any document to which Confidential Material is appended or in which Confidential Material is contained or described shall mark each such document "Confidential - Subject to Protective Order in <u>JPMorgan Chase Bank, N.A. v. Hostway Corporation</u>" or "Confidential" or "Confidential Material" and shall consult with the person who produced the Confidential Material to determine whether the producing person wishes the document to be filed under seal. If the producing person wishes the document to be filed under seal, the parties shall jointly seek leave of Court to file the document under seal. If leave is granted, redacted copies of such confidential documents must be filed with the Clerk of the Court.

10. Nothing in this Protective Order shall restrict the person who has produced Confidential Material in this litigation from disclosing that material to any person.

11. Nothing in this Protective Order shall be construed in any way to control the use, dissemination, or publication by a person of documents or information: (a) obtained at any time by that person other than through the discovery process in this litigation, or (b) existing in the files of that person prior to the date of entry of this Protective Order, except for documents produced in this action prior to entry of this Protective Order and marked as described in paragraph 9 of this Protective Order.

12. A person may request the return of any inadvertently produced document, including but not limited to any document as to which the person claims an attorney-client or work product privilege. Any such inadvertent production will not be considered to have waived

any claim of privilege or protection from discovery. A request for the return of an inadvertently produced document shall identify the document inadvertently produced and the basis for withholding such documents from production. Upon receipt of such a request, each party who received the document shall make a good faith effort to return each copy to the person making the request. In addition, each person who received the document shall make a good faith attempt to locate and return to the producing party all copies of the inadvertently produced document which may have been distributed by said person to any other person. Any request for the return of an inadvertently produced document shall be made by the following time:

> (i) for documents which have been marked as an exhibit at a deposition or attached as an exhibit to a motion or brief in this case, within thirty days of the date of the marking of the deposition exhibit or of the date on which the requesting party was served with such motion or brief; or
>
> (ii) for documents which have not been used as an exhibit, within one-hundred and twenty (120) days before trial.

13. Any dispute concerning the request for and/or return of an inadvertently produced document may be resolved by the filing of an appropriate motion with the Court.

14. Any person, upon not less than twenty (20) days' written notice to all parties and affected persons, or on shorter but reasonable notice in an emergency situation, may move before this Court for a modification, supplementation, or termination of the terms of this Protective Order. If any person objects to the designation of any information or material as Confidential Material, it shall notify in writing counsel for the designating party objecting to the designation of particular material as Confidential Material. Within ten (10) days of receiving the foregoing notification, the designating party shall advise the objecting party whether it agrees to

withdraw the designation. If the designating party does not withdraw the designation, the objecting party may move within ten (10) days for an order that the material not be treated as confidential. Unless and until this Court enters an Order to the contrary, the information or material shall be treated as Confidential Material.

15. Neither the provisions of this Protective Order, nor any designation or failure to designate any particular document or information as Confidential Material hereunder, shall at any time or in any other litigation, constitute a waiver of any party's assertion of confidentiality with respect to any document or information covered or not covered by this Protective Order.

16. Notwithstanding any other provision of this Protective Order, the parties in this action may, by written agreement, designate any documents or information at any time Confidential Material subject to the protections herein.

17. The provisions of this Protective Order shall remain in full force and effect following the conclusion of this action unless waived by the written consent of the person who disclosed the Confidential Material.

18. Within sixty (60) days after the final termination of this action, including any and all appeals, any Confidential Material, except Confidential Material referred to in Paragraph 18 hereof, may be the subject of a withdrawal request addressed to a party or this court. Upon such a request, all Confidential Material, including all copies thereof, shall be returned to the producing party or completely destroyed by the recipient of the material within 30 days of the request. Counsel for the recipient shall certify such return or destruction to counsel for the producing party. Notwithstanding the foregoing, counsel for each of the parties may retain in their litigation files all documents containing information derived from any Confidential

Material (such as deposition transcripts and answers to interrogatories) or any documents or information that are a part of the record in this case. In addition, a party may retain Confidential Material following the conclusion of this action to extent necessary to comply with its legal or contractual obligations. In such case, there shall be no disclosure of Confidential Material beyond such disclosure as is expressly provided in this order, except upon the express written consent of the producing party, which shall not be withheld unreasonably, or by court order, and any such Confidential Material shall be returned to the producing party as soon as practicable after the legal or contractual obligation to retain such Confidential Material ceases to exist. Other than allowed herein, counsel or parties shall not, without written permission of the disclosing person or Order of the Court, disclose to any other person any Confidential Material that has not been returned to the producing party or any documents in its files containing information derived from Confidential Material, or any documents or information that are part of the record in this case.

19. Paragraph 18 shall not apply to Confidential Material that is made part of the public record in this case as an exhibit at trial. With regard to such Confidential Material that is so made a part of the public record in this case, a party may apply to court before, at or after trial for continuation of this Protective Order. The parties shall confer and attempt to agree prior to trial on the use of Confidential Material during trial of this matter.

20. In the event any person or party having possession, custody, or control of any Confidential Material receives a subpoena or other process or order to produce such information from an entity or person who is not a party to this action, such person or party shall (a) notify in writing the counsel of record of the party claiming such Confidential Material treatment of the document sought by such subpoena or other process or order, (b) furnish the

counsel of record with a copy of said subpoena or other process, and (c) cooperate with respect to all reasonable procedures sought to be pursued by the party whose interests may be affected. The party asserting the Confidential Material treatment shall have the burden of defending against such subpoena, process, or order. Nothing in this Protective Order shall be construed as precluding a party from complying with an order to produce Confidential Material covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court, except to the extent the party asserting the Confidential Material treatment is successful in obtaining an order modifying or quashing it.

21. Notwithstanding the foregoing provisions, this Protective Order shall be without prejudice to the right of any party or other person to challenge the propriety of discovery on other grounds or to assert a claim of privilege pursuant to the attorney-client privilege, work product doctrine or any other applicable privilege or rule. Nothing contained in this Protective Order shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidential matter. The fact that a party does not contest the designation of Confidential Material pursuant to this Protective Order shall not be used in any way as an admission by that party that the designation is proper or that the material so designated is confidential.

22. Nothing contained herein shall preclude any of the parties from seeking other and further relief as the Court may deem appropriate.

Dated: September 23, 2009

                    LEVI LUBARSKY & FEIGENBAUM LLP

                    By: _____
                            Andrea Likwornik Weiss
                    1185 Avenue of the Americas, 17th Floor
                    New York, NY 10036
                    (212) 308-6100

                    *Attorneys for Plaintiff*

Dated: September 24, 2009

                    CHENG COHEN LLC

                    By: _____
                          Frederic A. Cohen /Danielle A. Kays
                    1101 W. Fulton Market, Suite 200
                    Chicago, Illinois 60607
                    (312) 243-1701

                    *Attorneys for Defendant*

SO ORDERED:

_____
HONORABLE WILLIAM H. PAULEY, III
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK
10/9/09

# EXHIBIT A

## EXPERT CONSULTANT ACKNOWLEDGEMENT OF CONFIDENTIALITY

_____, who has been retained as an expert witness or consultant by _____, one of the parties to the action entitled <u>JPMorgan Chase Bank, N.A. v. Hostway Corporation</u>, 09-CV-0335(WHP) (AJP), in the United States District Court for the Southern District of New York), hereby acknowledges that he/she has read the Protective Order entered in such action and agrees to comply with the terms of such Protective Order.

In Witness Whereof, the undersigned has executed this Expert/Consultant Acknowledgement of Confidentiality as of the date set forth below.

_____

_____
Printed Name

Date: _____